UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWARD RANDOLPH,

                              Plaintiff,

      v.                                                  9:20-CV-0451 (TJM/CFH) [LEAD]

ANTHONY J. ANNUCCI, *et al.*,

                              Defendants.

---

EDWARD RANDOLPH,

                              Plaintiff,

      v.                                                  9:20-CV-0452 (GTS/DJS) [MEMBER]

ANTHONY J. ANNUCCI, *et al.*,

                              Defendants.

---

APPEARANCES:

EDWARD RANDOLPH
Plaintiff, pro se
14-A-2489
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

    On April 2020, pro se plaintiff Edward Randolph ("Plaintiff") filed two civil rights actions

asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F."). *See Randolph v. Annucci, et al. ("Randolph I")*, No. 20-CV-0451 (N.D.N.Y. filed Apr. 20, 2020) and *Randolph v. Annucci, et al. ("Randolph II")*, No. 20-CV-0452 (N.D.N.Y. filed Apr. 20, 2020). Plaintiff also filed applications to proceed in forma pauperis ("IFP"). *See Randolph I,* Dkt. No. 2; *Randolph II*, Dkt. No. 4.

By Decision and Order filed on May 11, 2020 (the "May Order"), this Court granted Plaintiff's IFP applications, consolidated the lawsuits, and reviewed the sufficiency of the consolidated Complaint (Dkt. No. 7) in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 6. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *See generally,* Dkt. No. 6. In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. *Id.* at 17.

Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 8 ("Am. Compl.").

## II.    REVIEW OF AMENDED COMPLAINT

### A.    Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the May Order and it will not be restated in this Decision and Order. *See* Dkt. No. 6 at 3-5. The Court will construe the allegations in the Amended Complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less

stringent standards than formal pleadings drafted by lawyers.").

### B.     Summary of Complaint and May Order

In the original Complaint, Plaintiff asserted Fourteenth Amendment due process claims related to two disciplinary hearings against defendants Commissioner Anthony J. Annucci ("Annucci"), K. G. Henley ("Henley"), A. Rodriguez ("Rodriguez"), D. Venettozzi ("Venettozzi"), and Thomas Forbes ("Forbes").  *See* Compl., *generally*.

In the May Order, the Court held that Plaintiff's 185-day SHU confinement was not an atypical or significant hardship and, thus, Plaintiff failed to allege that he was deprived of a liberty interest.  Dkt. No. 6 at 13.  The Court reasoned:

> With respect to his SHU confinement, Plaintiff alleges that he was confined to a fifty-square foot cell for twenty-three hours each day, with a deprivation of personal property, the inability to work, attend programs and religious services, watch television or associate with other inmates, causes emotional and psychological stresses. *See Randolph I*, Compl. at 15-16, 19-20 and *Randolph II,* Compl. at 18. The alleged deprivation of privileges does not qualify as a serious hardship. *See, e.g., McEachin v. Selsky*, No. 9:04-CV-0083 (FJS/RFT), 2010 WL 3259975, at *9 (N.D.N.Y. Mar. 30, 2010) ("It is expected that confinement in SHU will be accompanied by a loss of privileges that prisoners in the general population enjoy and such conditions fall 'within the expected parameters of the sentence imposed by a court of law.' " (quoting *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996) (quoting *Sandin v. Connor*, 515 U.S. at 485 for the proposition that loss of commissary, recreation, package, and telephone privileges does not amount to an atypical and significant deprivation)), *report and recommendation adopted by* 2010 WL 3259982 (N.D.N.Y. Aug. 17, 2010). Thus, Plaintiff's allegations are insufficient to plausibly suggest that the SHU conditions were abnormal or unusual. *See Sealey*, 197 F.3d at 587, 589-90 (affirming the district court's conclusion that the plaintiff's 101–day confinement in the was confined in his cell for twenty-three hours a day, permitted one hour for recreation, limited to three showers per week, subject to noisy neighboring cells, lost

3

>     various privileges, and had feces thrown at him "a few times");
> *Pilgrim v. Bruce*, 9:05-CV-198 (GLS/GHL), 2008 WL 2003792, at *15 (N.D.N.Y. May 7, 2008) (plaintiff's conclusory allegations, which notably do not include claims that he was denied food, clothing, bedding, heat, running water, toiletries, or medicine during his 60 days in keeplock, fail to establish that he was subjected to more severe conditions than in normal restrictive confinement); *Holland v. Goord*, No. 05-CV-6295, 2006 WL 1983382, at *7 (W.D.N.Y. July 13, 2006) (77 days in keeplock during which plaintiff was deprived of TV, phone, packages, and commissary, and was unable to go to Muslim services and classes, did not create a protected liberty interest).

Dkt. No. 6 at 13-14.

### C. Summary of Amended Complaint

The factual recitation set forth in the Amended Complaint is substantially similar to what was set forth in the original Complaint except for the addition of new allegations related to Plaintiff's claim that his conditions of confinement in the SHU resulted in "atypical and significant hardship." To wit, Plaintiff alleges he suffers from "numerous mental health issues" and was "designated/classified as having a 'serious/severe mental illness[.]" Am. Compl. at 18, 42. Plaintiff asserts that mental health patients are "normally only required to spend a total of 30 days in the SHU at a time, or are placed in specific housing locations which directly meet their particular mental health needs[.]" *Id*. at 18, 42-43. Plaintiff claims that his SHU confinement implicated a liberty interest because he was compelled to live in "cruel and unusual conditions" while suffering from a mental illness. *Id.* at 44.

The causes of action are substantially the same as those in the Complaint reviewed in the May Order and the pleading contains the same requests for relief. *Compare* Compl. *with* Am. Compl.

**C.     Analysis**

The law related to Fourteenth Amendment due process claims was discussed in the May Order and will not be restated herein.  *See* Dkt. No. 6 at 10-14.

In the Amended Complaint, Plaintiff refers to his "mental health situation" and "emotional and psychological afflictions" without detail or explanation.  Indeed, the Complaint lacks Plaintiff's diagnosis or any facts suggesting that he has been diagnosed with a mental illness or condition, his treatment, or any medication.  Moreover, Plaintiff did not attach medical records or any exhibits to the pleading.  Plaintiff's vague allegations related to his "mental illness" are not sufficiently plead to "allow the Court to assess whether the conditions []he was subjected to constituted a significant and a typical hardship compared with ordinary prison conditions."  *Iotova v. Quay*, No. 19-CV-1957, 2020 WL 818906, at *4 (E.D.N.Y. Feb. 19, 2020) (dismissing due process claim for failure to state a claim where the plaintiff merely alleged, without more, that she had a "documented history of mental illness") *but cf. Randle v. Alexander*, No. 10 Civ. 09235, 2011 WL 1226228 (S.D.N.y. Mar. 22, 2011) (allowing due process claim by an inmate with "serious mental illness" confined to the SHU for ten years without mental health programs because the complaint included specific facts related to the inmate's mental health including suicide attempts, descriptions of therapy and medication, with medical records attached).

Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in his claims.  Accordingly, Plaintiff's Fourteenth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

To the extent that Plaintiff alleges that Defendants violated DOCCS "own rules and regulations governing that all inmates designated to have serious mental illnesses, not be placed in administrative segregation housing for a period of more than 30 days at a time," this claim is also subject to dismissal.  A Section 1983 claim brought in federal court is not the appropriate forum to raise violations of prison regulations.  *See Hyman v. Holder*, No. 96 Civ. 7748, 2001 WL 262665, *6 (S.D.N.Y. Mar. 15, 2001) (holding that the failure to follow a New York State DOCCS Directive or prison regulation does not give rise to a federal constitutional claim); *see McAllister v. Call*, No. 10-CV-610 (FJS/CFH), 2014 WL 5475293, at *11 (N.D.N.Y. Oct. 29, 2014).

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 8) is accepted for filing; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  The Clerk is directed to issue judgment and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

Dated: August 12, 2020

*[signature: Thomas J. McAvoy]*
Thomas J. McAvoy
Senior, U.S. District Judge